UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                       **CRIMINAL NO. 3:04-CR-0026 HTW JCS**
                                                              **CIVIL ACTION NO. 3:05-CV-783HTW-LRA**

**RUSSELL MONTAGUE**

## ORDER DENYING MOTION TO VACATE

Before the court is the motion to vacate, set aside or correct sentence pursuant to Title 28 U.S.C. § 2255[1] filed by the defendant Russell Montague.  In order to prevail on a motion to vacate, set aside, or correct his sentence under Title 28 U.S.C. § 2255, Montague must show one of the following: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979); United States v. Placente, 81 F.3d 555, 558 (5th Cir.1996).  Relief requested under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

As part of the Memorandum of Understanding between the United States and

---

[1]Title 28 U.S.C. § 2255 provides in part that, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move to vacate, set aside or correct the sentence."

1

Montague, Montague waived any and all right to contest his conviction or sentence pursuant to Title 28 U.S.C. § 2255.  Nevertheless, Montague is now before the court collaterally attacking his sentence, claiming ineffective assistance of counsel.

Montague says that his guilty plea was "generally" knowing and voluntary, but that his counsel had failed to advise him of critical legal issues pertaining to his plea and sentencing.  Thus, says Montague, his waiver of rights pursuant to a Memorandum of Understanding with the United States should not have been accepted by the court.  Specifically, Montague claims that his counsel did not inform him of any frustration with the United States in the attempt to reach a plea bargain.  Montague claims that, as a result, his sentence was improperly calculated by twenty-two months.  Montague complains that the court, over his counsel's objection, had found Montague responsible for 40 firearms, rather than the 11 firearms asserted in his indictment.

## THE SENTENCE

Montague pled guilty to theft of firearms (Count 2 - 18 U.S.C. § 924); possession of an unregistered weapon (Count 4 - 26 U.S.C. § 5861(d));  possession of a firearm by a convicted felon (Count 5 - 18 U.S.C. § 922(g)(1));  and use and carrying of a firearm during a drug trafficking offense (Count 6 - 18 U.S.C. § 924(c)(1)).  The other counts against Montague (1, 3 and 9) were dismissed on the government's motion pursuant to the Memorandum of Understanding.

Montague's calculated base offense level was 20.  Adding 6 points for more than 25 firearms but less than 99, plus 2 points because the firearms were stolen, and 2 additional points because the defendant was an organizer, the subtotal adjusted offense level was 30.  Three points were deducted for acceptance of responsibility, resulting in an adjusted offense level of 27, which, when combined with a Criminal

History Category of VI, resulted in a guideline range of 130 to 162 months. Over the government's objection, this court determined that a downward departure was appropriate and sentenced Montague to 120 months, a sentence below the recommended guideline range.

## THE WAIVER

Waivers of appeal are enforceable where the waiver language in the plea agreement is clear and unambiguous and the defendant knowingly and voluntarily waived his rights.  *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002).  The right to appeal a conviction and sentence is a statutory right, not a constitutional one, and a defendant may waive it as part of a plea agreement.  *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983);  *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002).  Sworn statements by a defendant in open court are entitled to a strong presumption of truthfulness.  *United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001);  *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).  The United States Court of Appeals for the Fifth Circuit affords great weight to a defendant's statements made during a plea colloquy.  *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002).  The statements made by Montague when he entered his guilty plea clearly support a finding that his wavier was knowing and voluntary.

## THE INEFFECTIVE ASSISTANCE CLAIM

A claim of ineffective assistance of trial or appellate counsel requires the moving party to demonstrate (1),  that counsel's performance was deficient and (2),  that the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);  *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000).  A failure to establish either of these prongs generally means that

counsel's performance was constitutionally effective.  *Strickland*, 466 U.S. at 696.

Montague argues that his attorneys were ineffective in negotiating the terms of his Memorandum of Understanding wherein the United States agreed to dismiss three counts of a six count indictment in exchange for Montague's guilty plea.  Under the terms of the Memorandum of Understanding, the United States agreed to ask the court for an additional one-level downward adjustment, for a total of 3 levels and not to seek a sentence in excess of seventeen years.  These are significant concessions by the United States which belie Montague's assertion that counsel was ineffective in plea negotiations.

Montague complains about the technical application of the sentencing guidelines, contending that his counsel was ineffective in representing him at sentencing.  Montague, however, was sentenced to only 120 months on the remaining three counts of the indictment, even though the guideline range called for a sentence of 130 to 162 months.  This court imposed the downward departure sentence of 120 months over the objection of the United States.  Moreover, a district court's technical application of the sentencing guidelines does not give rise to a constitutional issue or other injury cognizable under § 2255.  *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citing *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994); *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir.1998); *United States v. Payne*, 99 F.3d 1273, 1281-82 (5th Cir. 1996) (challenge to drug quantity not cognizable on collateral review).

## **THE NUMBER OF GUNS**

The question of whether the court should have used 11 firearms or 40 to calculate Montague's sentence avails him nothing.  Had the court applied 11 firearms to

the sentencing calculation instead of 40, the guideline range would have been 110 to 137 months based on an offense level of 25. Montague's sentence falls within this guideline range. Montague's assertion that the guideline range would have been 92 to 115 months is incorrect. Furthermore, the matter of the number of firearms used to calculate Montague's sentence is an issue concerning the technical application of the guidelines, a matter not cognizable under § 2255. *United States v. Williamson*, 183 F.3d at 462.

## CONCLUSION

Because the petitioner Russell Montague fails to show that he is entitled to relief under Title 28 U.S.C. § 2255, this court finds that his motion to vacate, set aside, or correct his sentence must be denied.

**SO ORDERED**, this the 16th day of February, 2010.

s/ **HENRY T. WINGATE**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**


CIVIL ACTION NO. 3:05-CV-783HTW-LRA
CRIMINAL NO. 3:04-CR-0026 HTW-JCS
Order denying § 2255 relief