**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**UNITED STATES OF AMERICA**

vs.                                                                  **CIVIL ACTION No.: 3:04-cr-26-HTW-FKB**

**RUSSELL LAWAYNE MONTAGUE**

## ORDER

BEFORE THIS COURT is the Motion to Vacate, Set Aside, or Correct sentence under Title 28, United States Code, Section 2255[1] **[Docket no. 166],** filed by Petitioner, Russell Lawayne Montague ("Montague"). The United States of America opposes Montague's Motion [Docket no. 181]. This court, upon reviewing thoroughly the parties' submissions and the pertinent legal authority, DENIES Montague's Motion for the reasons stated *infra*.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2005, this court sentenced Montague to serve a total of 180 months in the custody of the United States Bureau of Prisons for: stealing a firearm, which had moved in interstate commerce; receiving an unregistered firearm; being a felon in possession of a firearm; and using

---

[1] Title 28 U.S.C. §2255 provides in pertinent part:
   A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
   …

1

a firearm during a drug crime, in violation of 18 U.S.C. § 924(a)(1)[2], 26 U.S.C. § 5861(d[3]), 18 U.S.C. § 922(g)(1)[4], and 18 U.S.C. § 924(c)(1)[5], respectively[6].

The court, in addition to its sentence of imprisonment, ordered that Montague serve three years of supervised release, including mandatory conditions that he "not commit another federal, state, or local crime" and "not illegally possess a controlled substance." ("mandatory conditions"). The terms of supervised release also included a requirement that Montague report to the United States Probation Office as directed (Standard condition # 2). This court further prohibited Montague from using any controlled substance (Standard condition # 7).

---

[2] 18 U.S.C § 924(a)(1) states: "Except as otherwise provided in this subsection, subsection (b), (c), (f), or (p) of this section, or in section 929, whoever--(A) knowingly makes any false statement or representation with respect to the information required by this chapter to be kept in the records of a person licensed under this chapter or in applying for any license or exemption or relief from disability under the provisions of this chapter;(B) knowingly violates subsection (a)(4), (f), (k), or (q) of section 922;(C) knowingly imports or brings into the United States or any possession thereof any firearm or ammunition in violation of section 922(l); or (D) willfully violates any other provision of this chapter, shall be fined under this title, imprisoned not more than five years, or both."

[3] 26 U.S.C. §5861 states, in pertinent part:
It shall be unlawful for any person…(d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record.

[4] 18 U.S.C. § 922(g) states, in pertinent part:
 It shall be unlawful for any person--
(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year…
to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

[5] 18 USC § 924(c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
(i) be sentenced to a term of imprisonment of not less than 5 years;
(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

[6] The other counts against Montague (1, 3, and 9) were dismissed on the Government's motion.

While serving his term of imprisonment, Montague escaped from the Federal Prison Camp at the Maxwell Air Force Base in Montgomery, Alabama. Montague pled guilty in the Middle District of Alabama to this crime of escaping, in violation of 18 U.S.C. § 751(a)[7], and was sentenced to eight months of imprisonment, to run concurrently with his existing term of imprisonment. That court imposed a three-year term of supervised release to run concurrently with his Southern District of Mississippi supervised release, subject to the same relevant mandatory and standard conditions stated above.

On November 1, 2019, this court initiated proceeding to consider an Amended Petition brought by the United States Probation Office, asserting that Montague had violated certain mandatory conditions of his supervised release by engaging in criminal conduct and by using a controlled substance. The Probation Officer, Amanda C. Pierce, further alleged that Montague had violated the terms of his supervised release by failing to maintain contact with her. Following a three-day revocation hearing, this court revoked Montague's supervised release. This court, in rendering its decision, found Montague guilty of all alleged infractions of his supervised release[8].

The Court sentenced Montague to 24 months of imprisonment as to each of Counts 2, 4, 5, and 6 as to his firearms conviction, to run consecutively, and 18 months of imprisonment as to his escape conviction in Cause No. 3:19cr231, also to run consecutively, for a total of 114 months of

---

[7] (a) Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both; or if the custody or confinement is for extradition, or for exclusion or expulsion proceedings under the immigration laws, or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined under this title or imprisoned not more than one year, or both

18 U.S.C.A. § 751 (West)

[8] Montague admitted his guilt as to the charges of using a controlled substance (methamphetamine and marijuana) and failing to report to U.S. Probation Officer.

imprisonment, with 18 months of supervised release to follow for his Alabama conviction. [Docket no. 138]. Montague was represented by Abby Brumley Edwards and Thomas Turner, both of whom are employed by the Federal Public Defender's Office.

This court, in pronouncing its sentence, stated that it had "carefully considered the advisory policy statement" found in Chapter 7 of the Sentencing Guidelines. See U.S.S.G. " 7B1.1-7B1.4 (policy statement). "The court has also reviewed all of the appropriate factors to be considered in imposing a sentence pursuant to 18 U.S.C. Section 3553(a) and 18 U.S.C. Section 3582." The court noted that "[t]he government campaigns for a sentence of consecutive sentences of 24 months as to each." "The probation officer, who works for the court, not the prosecution, but for the court, also agrees, based on this defendant's prior history and also because of the gravity of these matters.".

On January 23, 2020, Montague filed a Notice of Appeal in the United States Court of Appeals for the Fifth Circuit. [Docket no. 139]. Montague, by way of his appeal, argued that this court had erroneously found he violated the conditions of his supervised release and that his resultant 114-month sentence is substantively unreasonable. The Fifth Circuit Court of Appeals, however, found that this court did not abuse its discretion in revoking Montague's terms of supervised release. [Docket o. 162]. The Court also held that Montague's challenge to the district court's weighing of the sentencing factors did not overcome the presumption of reasonableness that applies to sentences within the applicable Guidelines policy-statement ranges of imprisonment. *Id*. On March 29, 2021, the Supreme Court of the United States denied Montague's petition for a writ of certiorari. [Docket no. 164].

Montague, under the auspices of §2255, now seeks to overturn this court's findings concerning his violations, as well as this court's sentence based on those violations.

4

**Title 28 U.S.C. § 2255**

First, this court notes that the strictures of Title 28 U.S.C. § 2255(b) instruct that a hearing on the merits of a § 2255 motion is not necessary if "files and record or recollection of the case show the defendant is not entitled to relief". 28 U.S.C. § 2255; *United States v. Green*, 882 F.2d 999, 1008 (5th Cir. 1989); *United States v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986); *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985); *United States v. Guerra*, 588 F.2d 519 (5th Cir. 1979). Montague's § 2255 motion raises no factual matters requiring additional development of the proof. There is no need for an evidentiary hearing to dispose of his claims. See United States v. Smith, 915 F.2d 959, 964 (5th Cir. 1990) (no need for evidentiary hearing if record "is clearly adequate to dispose fairly of the allegations"); *United States v. Pettiette*, 338 Fed. Appx. 362, 363 (5th Cir. 2009). This court, upon reviewing the record before it, has determined that a hearing in this matter is not necessary.

A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation omitted); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Title 28 U.S.C. §2255 provides that a federal prisoner may move the court which imposed the sentence to vacate, set aside or correct that sentence if the prisoner claims the right to be released based upon one of the following grounds: 1) that the sentence was imposed in violation of the Constitution or laws of the United States; 2) that the court was without jurisdiction to impose such sentence; 3) that the sentence was in excess of the maximum authorized by law; or 4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255; *United States v. Seyfert,* 67 F.3d 544, 546 (5th Cir. 1995). *Hill v. United States,* 368 U.S. 424, 426–27, 82 S. Ct. 468, 470, 7 L. Ed. 2d 417 (1962).

Montague's Motion challenges his legal representation. This court, in lockstep with Fifth Circuit jurisprudence, notes that "[a]n attorney renders constitutionally ineffective assistance if his performance is deficient and that deficient performance prejudices the defendant." *United States v. Crain*, 877 F.3d 637, 646 (5th Cir. 2017). "A Section 2255 movant must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." *Id*. See *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Under Title 28, United States Code, Section 2255, "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Ajaegbu*, 139 F.3d 898, 1998 WL 127718 at *2 (5th Cir. 1998) (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). As the Fifth Circuit has said: "In order to succeed on [an] ineffective assistance of counsel claim, [a claimant] must demonstrate that: (1) his trial counsel was deficient and (2) the deficiency was prejudicial." *United States v. Painter*, 243 Fed.Appx. 818, 821 (5th Cir. 2007) (citing *Strickland*, 466 U.S. at 687).

The United States Supreme Court has held that "deficient performance" means "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Ordinarily, a defendant alleging a Sixth Amendment violation must demonstrate "a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 685-86.

Finally, when considering matters concerning supervised release, this court determines that a violation occurred by a "preponderance of the evidence" standard. *United States v. Hinson*, 429 F.3d 114, 118 (5th Cir. 2005), *cert. denied*, 547 U.S. 1083 (2006). "All that is required is enough evidence, within a sound judicial discretion, to satisfy the district judge that the conduct of the probationer has not met the conditions of probation." *United States v. Spraglin*, 418 F.3d 479, 481 (5th Cir. 2005) (quoting *United States v. Garza*, 484 F.2d 88, 89 (5th Cir. 1973)). *See also United States v. Grandlund*, 71 F.3d 507, 509 (5th Cir. 1995), *cert. denied*, 516 U.S. 1152 (1996) (revocation proceedings "are not formal trials").

## ANALYSIS

Montague bases his § 2255 claim on four grounds: 1) violation of the Fifth and Sixth Amendments, challenging the consecutive nature of his sentence; 2) violation of the Fifth and Sixth Amendments, again challenging the consecutive sentence and "no mention of a sanction, or breach of trust, or a minimum sentence;" 3) breach of original plea agreement; and 4) ineffective assistance of counsel.

The Government asserts first that Montague's Motion for relief under §2255 fails procedurally because he is barred from raising constitutional claims for the first time in this collateral review. The Government next argues that Montague's ineffective assistance of counsel claim fails because it raises conclusory claims that do not show breach of any objective standard of attorney performance. Further, says the Government, Montague cannot show a reasonable probability that the alleged instances of deficient attorney performance would have resulted in a difference outcome.

7

*1. Procedural Bar*

"A movant is barred from raising…constitutional claims for the first time on collateral review unless he demonstrates [1] cause for failing to raise the issue on direct appeal and [2] actual prejudice resulting from the error." *United States v. Allen*, 918 F.3d 457, 460 (5th Cir. 2019) (emphasis added). "A section 2255 movant who fails to raise a constitutional or jurisdictional issue on direct appeal waives the issue for collateral attack on his conviction, unless there is cause for the default and prejudice as a result." *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000).

To the extent that any constitutional claims *were* raised by Montague on appeal, "[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances," such as an intervening change in the law. *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996); *accord Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999). Montague has not raised, nor is counsel for the government aware of, any intervening changes in the law.

In the matter *sub judice*, Montague's facts in support of alleged constitutional violations amount to challenges to the consecutive nature of his sentence, challenges which he has already has raised on appeal to the Fifth Circuit. In both Grounds One and Two, Montague alleges violations of both the Fifth and Sixth Amendments; however, the supporting facts show that he is again challenging his sentence, which already has been decided by the Fifth Circuit Court of Appeals. It is a petitioner's burden to set forth adequate facts to establish that he is entitled to relief, and failure to do so is fatal. *See, e.g.*, *LeCroy v. United States*, 739 F.3d 1297, 1321 (11th Cir. 2014) ("the burden of proof ... on a § 2255petition belongs to the petitioner"); *Wilkins v. United States*,754 F.3d 24, 28 (1st Cir. 2014) (same); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("Conclusions, not substantiated by allegations of fact with some probability of verity,

are not sufficient to warrant a hearing," much less relief); *Short v. United States*, 504 F.2d 63, 65 (6th Cir.1974) (holding that if "claims are stated in the forms of conclusions without any allegations of fact in support thereof," a § 2255 motion is "legally insufficient"). This court is unable to discern Montague's allegation in Count II that "[n]o mention of a sanction, or breach of trust, or a minimum sentence", and Montague has put forth no evidence to support his incomplete allegation.

Montague contends that he did not appeal Grounds One and Two in his direct appeal. This court disagrees, finding that Montague challenged his sentence's substantive reasonableness. The Fifth Circuit Court of Appeals recently stated that, "A defendant's mere disagreement with the district court's presumptively reasonable sentence 'is not a sufficient ground for reversal." *United States v. Badgett,* 957 F.3d 536, 541 (quoting *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016)). Montague's sentence – although lengthy – was entitled to a presumption of reasonableness, and was the product of his multiple violations of supervised release stemming from his numerous counts of conviction. The Fifth Circuit Court of Appeals agreed when affirming Montague's sentence. [Docket no. 163].

2. *Alleged Breach of Plea Agreement*

Count Three of Montague's Motion to Vacate alleges that that his plea agreement was breached. He also states that counsel would not raise this issue in his direct appeal because he was "lead [sic] to believe by counsel [he] had no argument." *Id.* This court finds that Montague's attorneys were correct in their assessment. There is no plea agreement before this court as to the defendant's supervised release violations. Further, any challenge to the plea agreement should have been raised during his first appeal. Montague's plea agreement, or lack thereof, therefore, has no application to these proceedings.

*3. Ineffective Assistance of Counsel*

The Petitioner has a high burden to establish an ineffective assistance of counsel claim. *United States v. Kinsey*, 917 F.2d 181, 183 (5th Cir. 1990) (citing *Strickland v. Washington,* 466 U.S. 668, 688). Ineffective assistance of counsel claims must meet the rigorous standard of *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the defendant to show both (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that but for the error, the outcome would likely have been different. S*trickland*, 466 U.S. at 687.

By alleging ineffective assistance of counsel, Montague has waived the attorney client privilege. "[W]here, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue." *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967). A habeas petitioner who asserts an ineffective assistance of counsel claim necessarily waives the attorney client privilege.

Montague claims his defense counsel refused properly to assist him with his case by refusing to object to "false witness testimony," refusing to object as the prosecution questioned him for an hour on the stand, did not request concurrent revocation sentences, knew nothing about his case, and used the "wrong arguments" on his appeal. [Docket no. 166] . Montague also asserts that his attorneys did not allow him to try to appeal on his own. *Id.*

Attorneys Edward and Turner of the Federal Public Defender's Office submitted Affidavits [Docket nos. 179 and 180], which, in this court's eye, effectively discredit Montague's ineffective assistance claims. Attorneys Edwards and Turner are experienced criminal defense lawyers who, in their affidavits, detailed their substantial efforts to represent Montague both in his revocation proceedings and on appeal. [Docket nos. 175, 176, 179, and 180]. The Government submits that

Ms. Edwards' and Mr. Turner's performance and advice were not only adequate and appropriate, but in fact beyond any reasonable expectation or objective standard required of an attorney in the profession of law.

This court applies that "objective standard of reasonableness" in analyzing Montague's ineffective assistance claims, which standard is "determined by the norms of the profession." *Teague v. Scott*, 60 F.3d 1167, 1170 (5th Cir. 1995). In order to prevail on his claims Montague must prove his attorneys "made errors so serious that [they] [were] not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The court must "review counsel's performance from counsel's perspective at the time of trial, not from hindsight." *Id*. "[W]hat is ultimately important is trial counsel's performance on balance and in the context of the entire case." *Id*. With those principles in mind, the petitioner must "show ... that counsel's representation fell below an objective standard of reasonableness" in order to prevail on his claim of ineffective assistance. *United States v. Flores-Ochoa*, 139 F.3d 1022, 1024 (5th Cir.), cert. denied, 524 U.S. 959 (1998) (*citing Strickland*, 466 U.S. 668 (1984)). This court is to be "highly deferential" to the choices made by counsel. *Id*.

This court now addresses each of Montague's ineffective assistance claims and the grounds therefore, as follows:

First, Montague claims his attorneys refused to object to any "false witnesses'" testimony. Attorney Edwards' Affidavit reflects that she objected to evidence for which there was a valid legal objection. Failure to make a particular objection does not usually constitute ineffectiveness, because objections necessarily fall within trial strategy. A failure to object is not ineffective assistance unless the evidence is so prejudicial that it "essentially defaults the case to the state."

11

*Lundgren v. Mitchell*, 440 F.3d 754, 774 (6th Cir. 2006). Moreover, Montague has not shown he was prejudiced by the representation of Attorney Edwards.

Second, Montague alleges that his attorneys "refused to object" as Assistant United States Attorney Dave Fulcher "questioned [him] for an hour on [the] stand about [his] violation conduct and criminal history." Montague does not dispute his own decision to take the stand and to place his credibility before the trier of fact. Furthermore, prior to Montague taking the stand, Attorney Edwards advised him that he would be cross-examined by AUSA Fulcher. [Docket no. 179].

Third, Montague contends that counsel did not request concurrent revocation sentences. As stated in his affidavit, Attorney Turner addressed concurrent versus consecutive sentences on pages 132 through 133 of the January 21, 2020, revocation hearing transcript [See Docket no. 156]. Specifically, Attorney Turner asked, "[d]id the court say that [the sentences] were to run consecutively or concurrently?" This court responded, "[c]onsecutive." Attorney Turner then stated, "[t]he defense would object to that based on the facts of the case. It would be substantively unreasonable, and we object based on the applicable law as procedurally unreasonable, Your Honor." This court, then, implicitly overruled the objection. Montague, therefore, cannot prevail on this ground.

Fourth**,** Montague also asserts that his attorneys "knew nothing about his case". As stated in their affidavits, however, Attorneys Edwards and Turner were aware of the facts and law pertaining to Mr. Montague's case. [Docket nos. 179 and 180].

Fifth, Montague alleges that counsel used the "wrong arguments" on appeal. Montague does not make one mention of the arguments to which he is referring, leaving both of his attorneys, as well as the Government, at a complete loss as to what the Court might consider in

12

this regard. Although the decision *whether to appeal* rests solely with a criminal defendant, subsequent decisions about which *issues* to raise on appeal rest with counsel, who is better suited to estimate the probability of success on any given argument. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Montague has failed to meet his burden of proof on this ground.

Finally, Montague complains that his attorneys "did not even allow [him] to try to appeal on [his] own.". As set forth in their affidavits, upon appointment to represent Mr. Montague on August 20, 2019, the Federal Public Defender's Office was under a continuing obligation to represent Montague in district court, in the Fifth Circuit, and before the United States Supreme Court. None of these courts ever entered an order relieving the Public Defender's Office nor the attorneys of the obligation to represent Montague. Accordingly, this court finds that Attorney Turner and Attorney Edwards represented Montague to the best of their abilities at all levels of the litigation, including the appeal.

Montague must first prove that his attorneys' performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Next, he must prove that but for those same performance errors, the outcome would be different. *Id*. Montague has failed to present any evidence showing an error on Attorney Turner and Attorney Edwards' part. Montague's conclusory allegations are not supported by the facts or a plain reading of the well-established record in the case. This court notes that assuming *arguendo* that Attorney Turner or Attorney Edwards had in some way fallen below a reasonable objective standard, Montague has failed to show that this court would have reached a different outcome but for the attorney's shortcomings. Merely demonstrating that defense counsel made an error is not enough. An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

This court, accordingly, finds that none of Montague's claims regarding ineffective assistance of counsel has any merit.

## CONCLUSION

**For the reasons stated above, it is, therefore, ORDERED that Petitioner Russell Lawayne Montague's Motion to Vacate Set Aside, or Correct Sentence [Docket no. 166] hereby is DENIED.**

**SO ORDERED this the 9th day of December, 2022.**

/s/HENRY T. WINGATE
UNITED STATES DISTRICT COURT JUDGE